IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jhan Gibbs, ) | |
| ) | Civil Action No. 6:07-0735-GRA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Donald Bauknecht and the ) | |
| Federal Bureau of Prisons, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the court on the petitioner's motion to amend and the respondents' motion to dismiss or, in the alternative, for summary judgment. The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **FACTS PRESENTED**

The petitioner is currently incarcerated at the Federal Correctional Institution Williamsburg ("FCI Williamsburg"), located in South Carolina (resp. m.s.j., ex. A, SENTRY Inmate History of Admissions and Releases). He is serving a 262-month term of incarceration imposed by the United States District Court for the Eastern District of Louisiana (resp. m.s.j., ex. B, SENTRY Sentence Monitoring and Computation Data for petitioner, pp. 1-2). This term was imposed on June 29, 1994, for violation of 21 U.S.C.

§846 (conspiracy to possess with intent to distribute cocaine). The petitioner is anticipated to be released from this term on September 27, 2010, with Good Conduct Time.

The petitioner alleges that his constitutional rights were violated in connection with a disciplinary action taken against him by staff at the Federal Correctional Institution located in Yazoo City, Mississippi ("FCI Yazoo City"). He asserts that the Discipline Hearing Officer's ("DHO") finding was not based on sufficient evidence and that the sanctions were improper. He seeks expungement of the disciplinary action, restoration of 40 days good conduct time, return of telephone privileges and reinstatement of his prior security level.

On May 20, 2006, while he was incarcerated at FCI Yazoo City,[1] the petitioner received an incident report which charged him with possession, manufacture or introduction of a hazardous tool in violation of Code 108 (resp. m.s.j., ex. C, Incident Report No. 1472891, Part I). Specifically, that report charged that an officer saw the petitioner sitting on the bunk in another inmate's room acting in a suspicious manner at approximately 10:30 p.m. that day (*id.*, §11). The officer directed the petitioner to stand up, and he complied with that direction (*id.*). The officer found a cell phone with an earpiece attached to it on the bed where the petitioner was sitting (*id.*). Inmates are not authorized to possess cell phones while in prison (resp. m.s.j., ex. D, §VII). The petitioner was given a copy of the incident report the same day it was written (resp. m.s.j., ex. C, §§12-16). An investigation was conducted and the matter referred to the Unit Discipline Committee ("UDC") (*id.*, Part III). The UDC hearing was conducted on June 2, 2006 (*id.*, Part II, §21). Because of the nature of the charges, the matter was referred to the DHO (*id.*). The petitioner was advised of his rights before the DHO (resp. m.s.j., ex. E, Notice of Rights forms). He indicated that he did not wish to call witnesses and did not want the services of a staff representative (*id.*).

---

[1] At all times relevant to this petition, the petitioner was housed at a satellite Federal Prison Camp at FCI Yazoo City.

The DHO hearing was held on June 12, 2006 (resp. m.s.j., ex. D, §I.B, and ex. F, ¶4). The petitioner was present and made a statement to the DHO in his own defense (*id.*, §III.B). He did not request assistance from a staff representative (*id.*, §II.A and §III.B, and ex. F, ¶5). He did not request that any witnesses be called (*id.*, §§III.B, III.C.1 and .3, and ex. F, ¶5). He did not present any documentary evidence in his defense, nor did he request a continuation in the hearing to obtain such evidence (resp. m.s.j., ex. D, §III, and ex. F, ¶8). He denied owning or possessing the cell phone (*id.*, §III.B, and ex. F, ¶7). After consideration of the evidence, the DHO found that the petitioner committed the prohibited act as charged (*id.*, §IV, and ex. F, ¶9). The DHO imposed Disciplinary Segregation of 60 days, telephone restriction for one year (from June 12, 2006, through June 11, 2007), disallowed 40 days Good Conduct Time, and recommended a disciplinary transfer (*id.*, §VI, and ex. F, ¶10). The DHO prepared a written report detailing this decision, the evidence relied upon, and the reasons for the sanctions imposed (*id.*, §§ V and VII). The petitioner appealed this decision through the Bureau of Prisons to the National Inmate Appeals Branch (pet. mem. in support, ex. 3-6). The disciplinary action was upheld at each level of review (*id.*, ex. 4 and 6).

The petitioner named Warden Donald Bauknecht and the Federal Bureau of Prisons as respondents in this action. The petitioner seeks to have his administrative disciplinary action for possession of a cell phone expunged and all sanctions removed. He claims that his due process rights were violated and that the sanctions are inappropriate for this alleged offense. He also claims that he did not commit the prohibited act (pet. mem. in supp., p. 10).

On May 22, 2007, the respondents filed a motion for summary judgment. By order filed May 23, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible

…
…

consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on July 20, 2007.

## APPLICABLE LAW AND ANALYSIS

### *Motion to Amend*

The petitioner has moved to amend his petition to remove the Bureau of Prisons as a respondent. The respondents did not file any opposition to that motion. The only proper respondent in a habeas petition is the "person having custody of the person detained." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). In challenges to physical confinement, the proper respondent is the Warden of the facility where the petitioner is confined, "not the Attorney General or some remote supervisory official." *Id.* at 435. Warden Bauknecht is the petitioner's custodian, and thus he is the appropriate respondent. Accordingly, the petitioner's motion to amend should be granted, and the Bureau of Prisons should be dismissed as a respondent to this action.

### *Motion for Summary Judgment*

The respondent has moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment pursuant to Rule 56. As matters outside the pleadings have been presented by the respondent and have not been excluded by this court, the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) shall be treated as one for summary judgment pursuant to Rule 56. *See* Fed.R.Civ.P. 12(b)(6).

> Rule 56 states, as to a party who has moved for summary judgment:
>
> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The leading case on inmate discipline is *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the Supreme Court held that the Due Process Clause is satisfied in prison discipline hearings when the inmate receives a finding from an impartial decision maker, advance written notice of the charges, a conditional opportunity to present documentary evidence and testimony from witnesses, and a written statement of the evidence relied on and the reasons for the disciplinary action. *Id.* at 564-66. The Bureau of Prisons rules embodying disciplinary procedures are codified at 28 C.F.R. § 541.10 *et seq*. These rules and regulations were drafted to comply with the constitutional requirements of Due Process in prison discipline matters.

The record of the hearing at issue here reflects that the due process requirements of *Wolff* were observed (resp. m.s.j., ex. D, F). The petitioner was given advance written notice of the charge more than 24 hours before the hearing before the DHO (resp. m.s.j., ex. D, § I). The petitioner was offered the opportunity to present evidence in the form of documents or witnesses and to have the assistance of a staff representative (*id.,* §§ II and III). The petitioner declined to call witnesses or to utilize a staff representative (*id.*). The DHO Report reflects that the petitioner appeared and made a statement to the decision maker (*id.* § III.B). The report further reflects the evidence relied upon and the reasons for the decisions and the sanctions imposed (*id.* §§ V-VII). Based upon the foregoing, the petitioner received all the procedural process due in the disciplinary hearing.

In *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), the Supreme Court set out the constitutional evidentiary standard to be used when courts review prison discipline decisions. It held that the Due Process Clause is satisfied if there is "some evidence" to show that the inmate committed the offense. *Id*. at 455. The Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id*. at 456.  The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the board's decision.  *Id.* at 455-56.  This standard requires "only that the decision not be arbitrary or without support in the record."  *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).  As the Supreme Court noted in *Hill*,

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455-56.  Upon review of a disciplinary proceeding, the court should determine only whether the DHO's decision to revoke good time credits has some factual basis.  *Hill*, 472 U.S. at 456; *McPherson*, 188 F.3d at 786.

        Review of the records of the disciplinary action at issue in this case reveals that there was "some evidence" to support the DHO's decision (resp. m.s.j., ex. D, DHO Report, § V). The DHO detailed the evidence he relied upon, which included the statement of the reporting officer, who stated that he noticed the petitioner sitting on a bunk and acting suspiciously.  The DHO explained that he found it unlikely that the petitioner was sitting on the bunk in another inmate's room right by a cell phone and did not notice it.  The DHO believed that the petitioner's actions, coupled with his proximity to the cell phone upon discovery, made it more likely than not that the petitioner was in possession of the phone at the time it was discovered (*id.* and ex. F, ¶ 9).  Clearly there is some evidence to support the DHO's decision.  Based upon the foregoing, the claim fails.

The petitioner further claims that the sanctions imposed upon him violated due process (pet. mem. in supp., p. 10). The petitioner was sanctioned to a loss of telephone privileges for one year, disallowance of 40 days good conduct credit, and a recommendation for a disciplinary transfer (resp. m.s.j., ex. D, §VI). These sanctions are appropriate under federal regulation. *See* 28 C.F.R. §541.13, Table 4, §2(g). Federal regulations allow the DHO to implement a loss of privileges sanction which directs that the inmate forego specific privileges for a specific period of time (*id.*). While that sanction is ordinarily imposed when a disciplinary infraction concerns an abuse of the specific privilege, the DHO may impose a loss of privilege sanction not directly related to the offense when there is a lack of other appropriate sanctions or when imposition of an appropriate sanction previously has been ineffective (*id.*). Similarly, the regulations allow the DHO to impose disciplinary segregation, disallowance of good conduct time, and to recommend a transfer as additional sanctions. 28 C.F.R. §§ 541.13, Table 3 and Table 4, §1(b.1) (good conduct time), §1(c) (recommend disciplinary transfer), and §1(d) (impose disciplinary segregation). Those sanctions are all authorized for a Code 108 violation. *See* 28 C.F.R.§541.13, Table 3. Of these sanctions, only the loss of good time has been held to constitute a liberty interest.

The DHO imposed these sanctions in order to impress upon the petitioner the seriousness of his offense and in an attempt to ensure he did not violate the rules again (resp. m.s.j., ex. D, §VII, and ex. F, ¶10). The DHO felt the sanctions were appropriate, because use of a cell phone is one way that inmates attempt to circumvent the telephone regulations (resp. m.s.j., ex. F, ¶10). As set forth above, the DHO comported with due process requirements in his decision and imposition of sanctions.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the petitioner's motion to amend and the respondent's motion for summary judgment be granted.

IT IS SO ORDERED.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

August 24, 2007

Greenville, South Carolina