UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jhan Gibbs, ) | |
| ) | C/A No.: 6:07-cv-0735-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Donald Bauknecht and the Federal ) | |
| Bureau of Prisons, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before this Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. The petitioner, a federal prisoner, originally filed this habeas corpus petition under 28 U.S.C. § 2241 on March 16, 2007, in order to challenge the outcome of a disciplinary hearing that, *inter alia*, deprived him of forty (40) days of good conduct credit. The respondents filed a Motion for Summary Judgment on May 22, 2007; the petitioner filed a response to the respondents' Motion and a separate Motion to Amend his original petition to dismiss the Federal Bureau of Prisons as a defendant. Magistrate Judge Catoe recommended that this Court grant both the petitioner's Motion to Amend and the respondent's Motion for Summary Judgment on August 24, 2007. The petitioner filed timely objections.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* The petitioner may make objections to the Report and Recommendation.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Further, Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## BACKGROUND

The petitioner was charged with possessing a cellular phone within the confines of FCI Yazoo City in violation of prison regulations. The petitioner claims that the phone the officer discovered was not his and that he did not know of its presence within the cell.

On May 20, 2006, the petitioner was in another inmate's cell, sitting in the middle of the lower bunk when a prison official approached the cell. *Petitioner's Memo in Support of Petition* at 2. There were three prisoners within the cell, but the petitioner was the only one seated on the bed. *Id.* The prison official asked all three prisoners to exit the cell. *Id.* He then searched the cell and discovered a cellular phone near the pillow of the lower bunk bed. *id.* The officer only charged the petitioner with possession of the phone, he did not charge the other two inmates who were present in the cell at the time of the search. *Id.*

At the disciplinary hearing, the Discipline Hearing Officer (DHO) imposed: disciplinary segregation for sixty (60) days; telephone restrictions for one year; and recommended a disciplinary transfer. Further, he took forty (40) days of good conduct time from the petitioner.

## DISCUSSION

Petitioner objects that the magistrate did not apply the proper summary

judgment standard. Petitioner argues that if the magistrate had viewed the petitioner's original petition, summary judgment response, and affidavit in a light most favorable to the petitioner, the magistrate would have found a genuine issue of material fact, thereby precluding summary judgment. It appears the only fact the petitioner disputes is whether he knew or did not know about the presence of the cellular phone at the time of the search.

As the magistrate noted, "A fact is deemed 'material' if proof of its existence or nonexistence would affect the disposition of the case under the applicable law." *R & R* at 5 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Here, the applicable law is the "some evidence" standard announced in *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985). Under this standard, the facts the petitioner admits to in his original petition, summary judgment response, and affidavit are enough to provide the "modicum of evidence" necessary to support the DHO's findings. *Hill*, 472 U.S. at 455. The petitioner admitted to being the only prisoner sitting on the bed within feet if not inches of where the phone was located. *Petitioner's Memo in Support of Petition* at 2. Whether or not the petitioner had actual knowledge of the cellular phone's presence will not affect the disposition of the case because, under *Hill*, the record provides other evidence to support the DHO's findings. *See Baker v. Lyles*, 904 F.2d 925 (4th Cir. 1990). Therefore, the magistrate properly found that, even in the light most favorable to the petitioner, there was no genuine issue of *material* fact.

After thoroughly reviewing the magistrate's Report and Recommendation, this

Court finds that the magistrate properly applied sound legal principles to the facts presented, notwithstanding the petitioner's objection. This Court hereby adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT the petitioner's Motion to Amend and the Respondent's Motion for Summary Judgment be GRANTED.

**IT IS SO ORDERED.**

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 26, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.